UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LOUIS CAMEJO RODRIGUEZ,<br><br>            Plaintiff,<br><br>  vs.<br><br>UNITED STATES BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, et al.,<br><br>            Defendants. | NO.  CV-05-160-EFS<br><br>ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION, ORDER STRIKING MOTIONS FOR INJUNCTIVE RELIEF, ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND ORDER DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT |

     Following transfer from the United States District Court for the Southern District of Florida, the Court directed Mr. Louis Camejo Rodriguez[1] to either pay the $250.00 filing free for this action or to

---

[1] Plaintiff initially filed documents using the name Louis Camejo Rodriguez, and this name was assigned to his case.  Plaintiff has submitted subsequent documents, using the name Luis Camejo Rodriguez Geronimo.  Further, on the Acknowledgment and Authorization to remove funds to pay the filing fee for this action, Plaintiff indicates he wishes to change his name to Levi Goyathlay Geronimo.  He does not present documentation stating he has legally changed his name.  For purposes of this litigation, the court will proceed with the name Plaintiff initially presented, Louis Camejo Rodriguez.

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

complete and file documents necessary to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914 and 1915.  Plaintiff has completed the Declaration and Application to proceed without pre-payment of the filing fee.  However, he has also indicated he believes he is "paying for another corrupt government fraud."

It is unclear whether Plaintiff actually wishes to pursue an action in the Eastern District of Washington pursuant to 42 U.S.C. § 1983.  If he does, he will be responsible for payment of the full filing fee over time.  At this time, the court will **RESERVE** ruling on his request to proceed *in forma pauperis,* until Plaintiff has made an informed choice to proceed by filing an amended complaint.

### REQUEST FOR TRANSFER TO FLORIDA

The Court has received numerous writings from Plaintiff in which he demands his immediate transfer back to Miami, Florida.  Such remedy is NOT available from this Court in a 42 U.S.C. § 1983 action.  If Plaintiff believes the conditions of his confinement at the Airway Heights Correction Center have violated his constitutional rights, he may proceed with this civil rights action and file an amended complaint.  However, Plaintiff may NOT challenge the fact of his confinement in this action or seek an Order directing his transfer.  This Court will NOT consider any arguments challenging Plaintiff's conviction or sentence in Florida.

### PRISON LITIGATION REFORM ACT

Under the Prison Litigation Reform Act of 1995, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 2

entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 3

favorable to Plaintiff, and resolve all doubts in Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). On the basis of these standards, Plaintiff's present allegations fail to state a claim upon which relief can be granted.

## SECTION 1983

Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that **causes** the deprivation of which the plaintiff complains." *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991), *cert. denied*, 502 U.S. 1074 (1992); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*. at 268. To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must present a causal

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 4

connection between named defendants and the conduct of which he complains. *See Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992).

At present, Plaintiff's complaint does not properly identify as Defendants persons located in the Eastern District of Washington. His broad allegations against unspecified persons also fail to state a claim upon which relief may be granted. Plaintiff must be careful to list only those Defendants in the caption of his complaint who are the subject of his claims. Failing to name all Defendants in the caption of his complaint denies the court jurisdiction over the unnamed Defendants. Fed. R. Civ. P. 10(a), *accord United States of America v. Tucson Mechanical Contracting Inc.*, 921 F.2d 911, 914 (9th Cir. 1990).

## EIGHTH AMENDMENT

To establish an Eighth Amendment violation in a conditions of confinement or inadequate medical care case, the inmate must show that the prison official acted with deliberate indifference to plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Deliberate indifference exists when the prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id*. at 842.

Under the Eighth Amendment, the pertinent inquiry is (1) whether the alleged violation constitutes an infliction of pain or a deprivation of the basic human needs, such as adequate food, clothing, shelter, sanitation, and medical care, and (2) if so, whether prison officials acted with the requisite culpable intent such that the infliction of pain is "unnecessary and wanton." *Farmer,* 511 U.S. at

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 5

834.

Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993)(en banc). The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Here, Plaintiff has alleged no facts from which the court could infer identified Defendants in the Eastern District of Washington have violated his Eighth Amendment rights.

### HARASSMENT

"Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (name calling and verbal threats are not constitutional violations cognizable under section 1983); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.) *cert. denied*, 464 U.S. 998 (1983) (mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations); *Shelly v. Johnson*, 684 F. Supp. 941, 946-47 (W.D. Mich 1987), *affirmed,* 849 F.2d 228 (6th Cir.) (alleged harassment and threats even with a guard pointing a loaded gun at an inmate did not rise to the level of constitutional violation). The facts alleged by Plaintiff do

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 6

not support a claim that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment.

## DEPRIVATION OF PROPERTY

A claim of the negligent or intentional unauthorized deprivation of property by state officials does not state a federal cause of action under § 1983 if the plaintiff has an adequate post-deprivation state remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 544 (1981).  Washington law provides that prisoners, who believe that property of value belonging to them has been lost or damaged due to staff negligence, may file a claim pursuant to RCW 4.92.100. *See also* WAC 137-36-060.  Therefore, Plaintiff's remedy for prison officials' alleged negligent acts or alleged acts of stealing is in state court.

Because Washington State provides Plaintiff an adequate post-deprivation state remedy, his § 1983 personal property claim lacks an arguable basis in law.  It is clear that no amendment could cure this legal defect.

## ACCESS TO COURT

To establish the denial of meaningful access to the courts, a plaintiff must show he suffered an "actual injury" as a result of the defendants' actions. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996) (stating that an inmate bringing an access to the courts claim must establish that he has suffered an "actual injury"); *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994), *cert. denied*, 516 U.S. 825 (1995) (holding that an inmate must establish he has suffered an "actual injury" where he alleges that he was denied reasonable access to the

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 7

law library).  Here, Plaintiff fails to show the actions of named Defendants in the Eastern District of Washington caused him to suffer an actual injury to a non-frivolous claim relating to his conviction or the conditions of his confinement.  *See Lewis v. Casey*, 518 U.S. at 349-356.

**RETALIATION**

A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline.  *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985).

In addition, the prisoner must demonstrate a causal link between the exercise of constitutional rights and the allegedly retaliatory action.  *Pratt v. Rowland,* 65 F.3d 802, 807 (9th Cir. 1995).  These claims must be evaluated in light of the deference that must be accorded to prison officials.  *Id.*  Absent factual support, bare allegations of retaliation are insufficient.  *Rizzo,* 778 F.2d at 532 n.4; *accord Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff fails to present a sufficient link between his protected activities and the actions of identified Defendants.

**EXHAUSTION REQUIREMENT**

Furthermore, a prisoner may not bring any suit with respect to prison conditions "until such administrative remedies as are available are exhausted" (42 U.S.C. § 1997e(a)).  Plaintiff should note that a failure to exhaust any available administrative remedies would be

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 8

cause for dismissal of the action.  The United States Supreme Court has held in *Booth v. Churner*, 532 U.S. 731, 741 (2001), that an inmate is required to exhaust administrative remedies regardless of what form of relief they are seeking in their complaint.  *See also Porter v. Nussle*, 534 U.S. 516, 532 (2002)("holding the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.")  A civil action is not an open forum in which a plaintiff may present every grievance which has occurred since he submitted his initial complaint.

In addition, as a *pro se* prisoner, Plaintiff may not assert claims on behalf of other inmates. *See C.E. Pope Equity Trust v. United* States, 818 F.2d 696, 697 (9th Cir. 1987)(Although a nonattorney may appear *pro* se on behalf of himself, he has no authority to appear as an attorney for others).  Accordingly, Plaintiff shall refrain from asserting the claims of others.

### PENDING MOTIONS

Several motions, addressed to the honorable Judge King and the United States District Court, Southern District of Florida, were received on July 12, 2005 (Ct. Recs. 34, 38, and 39).  The court has no jurisdiction to address motions for injunctive relief until a legally sufficient complaint has been filed.  *See* generally Fed. R. Civ. P. 3 and the notes following the rule.  Furthermore, defendants are not parties to a suit before being served with process. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). Accordingly, **IT IS ORDERED** Plaintiff's Motions, (Ct. Recs. 34, 38 and 39), are **STRICKEN**

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 9

with leave to re-file under the appropriate heading once a legally sufficient complaint has been filed.

Plaintiff also submitted a "Motion Seeking Assignment of Bilingual Counsel," (Ct. Rec. 40). Although Plaintiff does address this motion to the Eastern District of Washington, he is seeking appointment of counsel to represent him in a challenge to his federal conviction in Florida. This court has no jurisdiction over that challenge.

The court has discretion to designate counsel pursuant to 28 U.S.C. §1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits and plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (citation omitted). At this time, the record, as it relates to claims arising in the Eastern District of Washington, does not reflect exceptional circumstances. Accordingly, **IT IS ORDERED** Plaintiff's Motion, (Ct. Rec. 40), is **DENIED**.

**OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS COMPLAINT**

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Plaintiff may submit an amended complaint within **sixty (60) days** of the date of this Order which includes sufficient facts to establish federal subject-matter jurisdiction. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citations

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 10

omitted).

Plaintiff's amended complaint shall consist of a **short** and **plain** statement showing he is entitled to relief.  Plaintiff shall allege with specificity the following:

   (1)  the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights,

   (2)  the dates on which the conduct of each Defendant allegedly took place, and

   (3)  the specific conduct or action Plaintiff alleges is unconstitutional.

Furthermore, Plaintiff shall set forth his factual allegations in separate numbered paragraphs.  THIS AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT COMPLAINT.  Plaintiff shall present his complaint on the form provided by the court as required by LR 10.1(i), Local Rules for the Eastern District of Washington.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **IT MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT" and cause number CV-05-160-EFS must be written in the caption**.  Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant, and a copy for service on the State Attorney General.

**PLAINTIFF IS CAUTIONED IF HE FAILS TO AMEND WITHIN 60 DAYS AS DIRECTED, THE COURT WILL DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).**  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner, who brings three

or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

If Plaintiff chooses to amend his complaint and the court finds the amended complaint is frivolous, malicious, or fails to state a claim, the amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). Such a dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).

Alternatively, the court will permit Plaintiff to voluntarily dismiss his Complaint pursuant to Rule 41(a), Federal Rules of Civil Procedure. Plaintiff may submit the attached Motion to Voluntarily Dismiss the Complaint within **sixty (60) days** of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g). A voluntary dismissal within this 60 day period will not count as a strike.

If Plaintiff proceeds with this action by filing an amended complaint, he will be obligated to pay the full filing fee of $250.00. However, if Plaintiff elects to take a voluntary dismissal within the 60 day period, Plaintiff may simultaneously file a separate Affidavit and Motion to waive collection of the remaining balance of the filing fee in this action. The court will grant such a motion only for good cause shown. In no event will prior partial payments be refunded to Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 12

enter this Order and forward a copy to Plaintiff, along with a form Motion to Voluntarily Dismiss Complaint **and a civil rights complaint form.**

**DATED** this 25th day of July 2005.

                              s/Edward F. Shea
                              EDWARD F. SHEA
                              UNITED STATES DISTRICT JUDGE

Q:\Civil\2005\0160.direct.refil.complaint.wpd

ORDER RESERVING RULING ON *IN FORMA PAUPERIS* APPLICATION AND DIRECTING PLAINTIFF TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LOUIS CAMEJO RODRIGUEZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNITED STATES BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, et al.,<br><br>        Defendants. | NO. CV-05-160-EFS<br><br>MOTION TO VOLUNTARILY DISMISS COMPLAINT |

    Plaintiff LOUIS CAMEJO RODRIGUEZ requests the court grant his Motion to Voluntarily Dismiss the Complaint pursuant to Rule 41(a), Federal Rules of Civil Procedure. Plaintiff is proceeding *pro se*; Defendants have not been served in this action.

    **DATED** this _____ day of _____ 2005.

                                          _____
                                          LOUIS CAMEJO RODRIGUEZ

MOTION TO VOLUNTARILY DISMISS COMPLAINT -- 1